JOURNAL ENTRY AND OPINION
{¶ 1} Joseph Wente appeals his burglary conviction following a bench trial. He claims that the trial court improperly admitted out-of-court statements and that he was denied the right to confront his accuser. We affirm.
 {¶ 2} The record reveals that in September 2000, Rita Perkowski called her daughter, Deborah Berner, to report that someone had broken into her home. Ms. Berner immediately went to her mother's house and noticed that a large side window with sliding wooden doors had been unscrewed from the case. The door was set down next to the house, apparently so the window could be opened. She then noticed that the purse her mother routinely put on the dining room chair was missing. Ms. Berner then called the police.
 {¶ 3} Detective Donald Meel arrived to investigate. He interviewed Ms. Perkowski and began a fingerprint search, which ultimately revealed three fingerprints: one on the interior frame of the window and two on the window itself. No matches were found in the existing fingerprint database, but the prints were entered into an unsolved latent database in hopes of finding a future match.
 {¶ 4} In December 2002, a suspected match was reported and Detective Steve Loomis was assigned to investigate. In July 2003, Wente was indicted on one count of burglary, in violation of R.C. 2911.12, and following a bench trial, Wente was found guilty and sentenced to two years in prison. He appeals in the assignments of error set forth in the appendix to this opinion.
 {¶ 5} In his first assignment of error, Wente claims error in the admission of three statements in violation of Evid.R. 802, claiming that these statements were inadmissible hearsay that did not fall within one of the exceptions to the hearsay rule as provided in Evid.R. 803 or 804.
 {¶ 6} Before analyzing the mechanics of the hearsay claims, we note that the trial court has broad discretion in the admission or exclusion of evidence. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion and a showing of material prejudice, a trial court's ruling on the admissibility of evidence will be upheld. State v. Martin (1985), 19 Ohio St.3d 122, 129.
 {¶ 7} Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." A witness is barred from testifying as to the statements made by another only when the statement is offered to prove the truth of the matter asserted in the statement, and only where the statement falls outside any exceptions to the rule against hearsay as set forth in Evid.R. 803 and 804. See Statev. Davis (1991), 62 Ohio St.3d 326, 344. Evid.R. 802 contains the general prohibition against the admission of hearsay and provides: "Hearsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio."
 {¶ 8} Wente claims error in the admission, over his objection, to the following testimony:
"Q: As a result of that phone call of your mother that morning, what did you then proceed to do?
"A: She said someone broke into her house."
 {¶ 9} In spite of the selection of this passage, a review of the entire testimony shows that the testimony being solicited was to determine what Ms. Berner did as a result of her mother's phone call, and was not offered for the truth of the matter asserted.
 {¶ 10} Wente additionally objects to the following exchange, also on grounds of hearsay:
"Q: The night that this happened, did you talk to your mother that night or anything?
* *
"Q: So when you were on the phone with her that night, there was no mention of a burglary?
"A: No, mm-hmm.
"Q: So you were able to determine that it happened that night?"
 {¶ 11} This passage cannot qualify as an out-of-court statement made by another since Ms. Berner was not testifying as to what her mother said, but is rather testifying as to her own determinations.
 {¶ 12} Finally, Wente objects to Detective Meel's response as to how he determined the point of entry, when he stated, "I was advised by the victim." Again, a review of the questions posed to Detective Meel reveals that this statement was not offered for the truth of the matter asserted, but was rather offered to show what factors led him to the area on the side of the home. He testified that he then personally observed that the home's side storm window had been removed and placed next to the house. (Tr. at 20).
 {¶ 13} Wente's first assignment of error lacks merit.
 {¶ 14} In his second assignment of error, Wente claims he was denied the right to confront his accuser, and claims that the prosecutor failed to present any evidence as to why Ms. Perkowski was not present to testify. He acknowledges that he can glean from the closing argument and the court's pronouncements at sentencing that the victim had died, but claims that no direct testimony from Ms. Berner indicated her mother's death and points to the fact that no death certificate was offered.
 {¶ 15} In Ohio v. Roberts (1980), 448 U.S. 56, 100 S.Ct. 2531, the United States Supreme Court held:
"* * * The law does not require the doing of a futile act. Thus, if no possibility of procuring the witness exists (as, for example, the witness' intervening death), `good faith' demands nothing of the prosecution. * * * `The lengths to which the prosecution must go to produce a witness * * * is a question of reasonableness.' California v. Green, 399 U.S., at 189, n. 22 * * * (concurring opinion, citing Barber v. Page, supra)."
 {¶ 16} Although the defense claims the prosecution never put forth evidence supporting Ms. Perkowski's unavailability, Wente cannot claim a lack of knowledge as to her death. On October 20, 2003, the trial court filed the following journal entry:
"Trial continued to October 23, 2003 at 9:00 a.m. at the defendant's request as victim passed away."
 {¶ 17} When the trial actually began two months later, defense counsel made the following statements indicative of knowledge of the victim's death:
"Your Honor, pursuant to Rule 29, we'd move for a judgment of acquittal.
I do want to take my time to compliment the Cleveland Police for their fine work. Some things are beyond their control, one of which was the expiration of the victim in this case.
* * *" (Trans. at 29).
 {¶ 18} This statement was immediately followed by the prosecution's comment that:
"Despite the fact [sic] the victim being deceased in this case, I think the State proved beyond a reasonable doubt that there was absolutely no consent for this person to be in their apartment."
 {¶ 19} Based on both the journal entry and the trial commentary, Wente cannot claim lack of knowledge as to why Ms. Perkowski was unavailable for trial. Further, as obtaining the direct testimony of Ms. Perkowski would be a "futile act," Calfornia v. Green, supra, the State was left with the testimony of detectives Meel and Loomis, and the supporting testimony of Ms. Berner.
 {¶ 20} For these reasons, Wente was not deprived of the right to confront his accuser. Wente's second assignment of error lacks merit.
 {¶ 21} The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., And Sweeney, J., concur.
 APPENDIX ASSIGNMENTS OF ERROR:
 "I. THE APPELLANT'S CONVICTION WAS BASED ON THE IMPROPERLY ADMITTEDOUT-OF-COURT STATEMENTS OF A DECLARANT.
 II. THE APPELLANTS CONSTITUTIONAL RIGHT TO CONFRONT HIS ACCUSER WASDENIED."