JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, David Rodriguez, appeals his convictions for aggravated arson. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On January 25, 2006, appellant was indicted on six counts of aggravated arson under R.C. 2909.02. The first count alleged harm to an occupied structure, under R.C. 2909.02(A)(2), a second degree felony. The remaining counts alleged harm to five individuals, under R.C.2909.02(A)(1), first degree felonies. On November 3, 2006, following a bench trial, appellant was found guilty of all six counts. On December 1, 2006, the trial judge imposed five years of community control.
 {¶ 3} The facts that gave rise to this appeal began on the evening January 6, 2005 when Toni Kis' daughter woke her to tell her that appellant (who lived in the downstairs apartment in the building) was destroying his apartment. Kis went downstairs to speak to appellant. He told her that he was upset about recent break-ins in the neighborhood and warned her "to get [her] children out of the house because he was going to put the house on fire." Assuming there was no validity to appellant's threat, Kis went to visit another neighbor. While at the neighbor's house, Kis learned that her house was on fire. She saw appellant in his vehicle in the street, blowing the horn. *Page 4 
 {¶ 4} Kis' neighbor, Christina Plata, testified that she saw appellant three times that day and that he was playing with a lighter and threatening to start a fire. At one point, she saw him removing items from his apartment. Upon seeing the fire, Plata also noticed appellant in the street, in his vehicle blowing the horn.
 {¶ 5} Cory Hoskins, who lived a few streets over, arrived on the scene to offer help. He tried, unsuccessfully, to apprehend the driver of a white van, after Kis pointed out that the van was being driven by appellant.
 {¶ 6} Fire investigators, James Thomas and Victor Gill, testified that the fire had been intentionally set. Gill testified that the was fire was started by "an open flame * * * introduced to combustibles, namely the mattress."
 {¶ 7} Appellant testified that on January 6, 2005, he arrived home to discover that someone had broken into his home. He spoke to Kis about his anger regarding a number of burglaries in the neighborhood. He testified that he began moving his personal property to his mother's house, so that it could not be stolen. While moving, appellant heard a "popping" noise as he pulled an alarm clock out of an electrical socket. According to appellant, he returned to the apartment and found it on fire. He began blowing his vehicle's horn to warn everyone. He contends that he entered the apartment to extinguish the fire. He testified that he did not start the fire and never told anyone that he wanted to start a fire. *Page 5 
 {¶ 8} Appellant cites five assignments of error for review. Because his first and second assignments of error are substantially interrelated, they will be addressed together.
 Sufficiency of the Evidence and Manifest Weight {¶ 9} "I. Defendant's convictions on six counts of aggravated arson were not supported by sufficient evidence as required by due process in violation of U.S. Constitution Amendment XIV and Crim.R. 29.
 {¶ 10} "II. Defendant's convictions for aggravated arson were against the manifest weight of the evidence."
 {¶ 11} Appellant argues that there was insufficient evidence to support his arson convictions and that the convictions were against the manifest weight of the evidence. More specifically, he contends that the state failed to prove that he set the fire.
 {¶ 12} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, citing Jackson v.Virginia (1979), 443 U.S. 307. Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the trier of fact as to the weight and sufficiency of the evidence. State v.Nicely (1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are *Page 6 
primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230. On review, the appellate court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259; Jackson, supra.
 {¶ 13} Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, Section3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City ofCleveland (1948), 150 Ohio St. 303, 345.
 {¶ 14} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held inTibbs that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated inTibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to *Page 7 
be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 15} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720.
 {¶ 16} Under R.C. 2909.02, "no person, by means of fire or explosion, shall knowingly * * * create a substantial risk of serious physical harm to any person other than the offender [or] cause physical harm to any occupied structure * * *."
 {¶ 17} Appellant's main argument in support of his contention that there was insufficient evidence to convict him is that no one testified to actually seeing him start a fire; however, we find that there was sufficient evidence to convict appellant of arson. The state presented five witnesses against appellant, one who lived inside the same building and another who lived next door. Kis testified that she was wakened by her daughter, who had heard appellant destroying his apartment and that appellant told her he was going to burn the place. After the fire started, Kis saw appellant outside in his van blowing the horn. Plata testified that she saw appellant playing with a lighter and threatening to set a fire. She also saw him in his van, blowing the horn, and then fleeing the scene. The fire investigators testified that the fire had been intentionally set. It is clear from appellant's actions immediately *Page 8 
preceding the fire, and from the fact that he left the scene thereafter, that the state presented sufficient evidence to sustain the convictions.
 {¶ 18} Appellant also argues that his convictions were against the manifest weight of the evidence. Based on the evidence discussed above, it is clear that the verdict of the trier of facts was not against the manifest weight of the evidence. The trial judge, as trier of fact, was presented with testimony from both sides. After reviewing the evidence, the judge chose to believe the state's evidence and convict appellant. We find that the trial judge did not lose her way. Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 19} Because appellant's third and fourth assignments of error are substantially interrelated, they will be addressed together.
 Right to Confront Witnesses {¶ 20} "III. The trial court erred by allowing the prosecutor to elicit hearsay testimony from witness Toni Marie Kis as well as from fire investigator James Thomas.
 {¶ 21} "IV. The trial court erred by allowing inadmissible testimonial statements to be admitted through non-declarant testimony in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 22} Appellant argues that the trial court violated his right to confrontation under the United States Constitution's confrontation clause. More specifically, he *Page 9 
alleges that the trial court erred when it allowed hearsay testimony from Kis and Thomas.
 {¶ 23} It is well established that, under Evid.R. 104, the introduction of evidence at trial falls within the sound discretion of the trial court. State v. Heinish (1990), 50 Ohio St.3d 231; State v.Sibert (1994), 98 Ohio App.3d 412. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v.Finnerty (1989), 45 Ohio St.3d 104, 107. An abuse of discretion connotes more than an error in law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 24} Hearsay evidence is inadmissible. Under Evid.R. 801(C), "[h]earsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."
 {¶ 25} The prosecutor asked Kis what appellant had told her; however, while answering, Kis began to testify regarding a comment her daughter had made to her. Kis testified, "My daughter came over to me and said, `Mom, I'm scared, can you come back home?' She said that she can hear him screaming, saying that he was going to set the house on fire. And she said she heard a noise." The trial judge overruled defense counsel's hearsay objection.
 {¶ 26} We find that Kis' testimony regarding what her daughter told her is not hearsay because it was not offered for the truth of the matter asserted. It was *Page 10 
offered to show what Kis did when the house was set on fire. InState v. Wente, Cuyahoga App. No. 85501, 2005-Ohio-4825, a witness testified that she told her mother that someone had broken into her home. This court held that the testimony was admissible because it was not offered for the truth of the matter asserted, but rather to illustrate the actions of the witness after receiving the call.
 {¶ 27} We also find that Kis' testimony regarding what her daughter told her was admissible for the following reasons. Appellant's comments to Kis' daughter are not hearsay because they are admissions of a party opponent under Evid.R. 801(D)(2). Kis' daughter's statement, when she repeated appellant's statements to her mother, was admissible as a present sense impression hearsay exception. Under Evid.R. 803(1), a present sense impression is "a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness."
 {¶ 28} Appellant also argues that Thomas' testimony was inadmissible hearsay. On direct examination, the state asked Thomas about the investigation. Despite defense counsel's objections, the prosecutor asked Thomas about what witnesses at the scene had told him about the accused and about the events preceding the fire. The trial judge agreed that Thomas' testimony was hearsay, but stated, "There is an exception if there is an admission. And the Court can use it for its limited purpose. * * * The Court will use it for that [purpose]." *Page 11 
 {¶ 29} "Statements that serve to explain police conduct are generally admissible so long as the conduct explained is relevant, equivocal, and contemporaneous with the statements." State v. Banks, Franklin App. No. 03AP-1286, 2004-Ohio-6522. Here, Thomas' statements were properly admitted because they were relevant and used to explain the course of his fire investigation. Further, this was a bench trial; therefore, we presume that the court considered only relevant, material and competent evidence. State v. Post (1987), 32 Ohio St.3d 380, 384. The court even specifically stated that it was only using the testimony for a limited purpose.[1] Finally, nearly everything Thomas testified to was the same information the trial judge heard from Kis, making those statements harmless.
 {¶ 30} We find that the actions of the trial court were not arbitrary, unreasonable, or unconscionable in admitting the testimony of Kis and Thomas; therefore, there was no abuse of discretion. However, even if the testimony of either of the witnesses was improperly admitted, such admission would be considered harmless error. Any error will be deemed harmless if it did not affect the appellant's "substantial rights." Otherwise stated, the accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free of all error. Before *Page 12 
constitutional error can be considered harmless, we must be able to "declare a belief that it was harmless beyond a reasonable doubt."Chapman v. California (1967), 386 U.S. 18, 24, 87 S.Ct. 824, 828,17 L.Ed.2d 705. Where there is no reasonable possibility that the unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal. State v. Lytle (1976), 48 Ohio St.2d 391, 358 N.E.2d 623, vacated on other grounds in Lytle v.Ohio (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.
 {¶ 31} The state presented an overwhelming amount of evidence of appellant's guilt (as discussed above). Given the record in this case, we find that there was no reasonable possibility that the alleged hearsay testimony contributed to a conviction. Kis, Kis' neighbor Plata, and witness Hoskins testified regarding the events. Further, the fire investigators testified that the fire had been intentionally set. Because of this evidence, we find that the outcome of the case would have been the same, with or without the alleged hearsay testimony. Accordingly, appellant's third and fourth assignments of error are overruled.
 Admission of Written Statements {¶ 32} "V. The trial court erred by admitting the written witness statements of Toni Marie Kis and Christina Plata in contravention of Evidence Rule 801."
 {¶ 33} Appellant argues that the trial court erred when it admitted the written statements of Kis and Plata, as provided to the fire investigator. We disagree. *Page 13 
 {¶ 34} Despite defense counsel's objections, the trial judge admitted both written statements into evidence. For the reasons below, the issue of whether the statements were admissible is not properly before this court. Defense counsel objected to the introduction of the statements of both Kis and Thomas; however, the trial court overruled those objections because the statements were given directly to defense counsel, who proceeded to use them to cross-examine the witnesses. According to the trial judge, defense counsel "used [them] at great length during cross-examination." The "invited error doctrine" prohibits a party from raising an error on appeal that he himself invited or induced the trial court to make. Center Ridge Ganley, Inc. v. Stinn (1987),31 Ohio St.3d 310, 313, 511 N.E.2d 106. Here, defense counsel invited any alleged error when he used the statements on cross-examination; therefore, appellant is precluded from raising this issue on appeal. Accordingly, appellant's fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 14 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
ANTHONY O. CALABRESE, JR., J., and MARY J. BOYLE, J., CONCUR.
[1] We find that the testimony was admissible as part of an investigation. The trial judge stated that the testimony was admissible as an admission, and she would not consider it for the truth of the matter asserted. Although the trial judge's reason for admitting the evidence differs from our reason, she indicated that the testimony would not be used for the truth of the matter asserted, but it would be used for a limited purpose; therefore, we find that the testimony was properly admitted. *Page 1