THE STATE OF OHIO, APPELLANT, *v.* BERNARD, APPELLEE.

(No. 2009—Decided January 24, 1985.)

*Keith A. Shearer,* prosecuting attorney, and *Ronald L. Rehm,* for appellant.

*David Worth,* for appellee.

GEORGE, J. This is an appeal from the granting of a motion to suppress evidence in a prosecution for driving while under the influence of alcohol and with a prohibited blood alcohol concentration. This court reverses the granting of the motion to suppress.

Appellee, Brian L. Bernard, was the driver of a car involved in a one-car accident outside Wooster, Ohio. The car went off the roadway, struck several delineator posts, and travelled down the side of an embankment. Trooper Dwayne Garvey of the Ohio State Highway Patrol arrived shortly after the accident. Garvey noticed an odor of alcoholic beverage about Bernard as he

questioned him. Bernard admitted to having been drinking prior to the accident and had bloodshot eyes and a flushed face. Garvey took Bernard to the State Highway Patrol Post shortly thereafter to perform sobriety tests. Based on the results of these tests, Garvey gave Bernard an intoxilyzer test which resulted in a blood alcohol reading of .17. Bernard was then charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and driving with a prohibited alcohol concentration in violation of R.C. 4511.19(A)(3).

Bernard moved to suppress that evidence obtained by Garvey once Bernard was taken to the patrol post. This evidence included the results of the sobriety tests and the intoxilyzer test reading. Bernard claimed that Garvey arrested him at the scene without probable cause and therefore all the evidence obtained after the arrest should be suppressed. The trial court granted the motion to suppress finding that Garvey had arrested Bernard at the scene and there was no probable cause for the arrest. The state now appeals.

### Assignment of Error

"Whether the trial court erred by granting defendant's motion to suppress, when it found, as a matter of law, that defendant was under arrest when he voluntarily consented to go to the Ohio State Highway Patrol Post, and that such arrest was without probable cause."

The state argues that Bernard was placed under arrest after he failed the sobriety tests at the post, not at the scene of the accident. The state contends that these results along with Garvey's observations at the scene establish probable cause for the arrest. In the alternative, the state claims that even if Garvey arrested Bernard at the scene there was probable cause for the arrest at that time.

The existence of probable cause is a factual question. *Beck* v. *Ohio* (1964), 379 U.S. 89 [31 O.O.2d 80]. This court will not substitute its judgment for that of the trial court with regard to such factual determinations. However, once the trial court has made factual findings this court will review the trial court's judgment to see if the law was applied correctly to the facts as found. In this case it was not.

In its judgment entry the trial court found that Garvey had come upon a one-car accident in which the car had struck delineator posts and gone off the roadway. Bernard admitted he had been the driver. The court also found that Garvey had observed an odor of alcoholic beverage on Bernard's breath and that Bernard's face was flushed and his eyes bloodshot. In addition to these facts it is uncontroverted that the accident occurred while Bernard was travelling on a dry roadway on a clear night. The trial court found these to be the facts and yet found no probable cause to justify the arrest. This decision was based upon the trial court's interpretation of *State* v. *Taylor* (1981), 3 Ohio App. 3d 197, which was erroneous.

Garvey arrived at a one-car accident on a clear evening. The pavement was dry and there were no other obstructions or other reasons apparent to explain Bernard having driven off the roadway, hitting the delineator posts and going over the embankment. Garvey observed an odor of alcoholic beverages about Bernard and based upon his experience as a law enforcement officer concluded that Bernard was operating a vehicle under the influence of alcohol. Taken as a whole these facts give rise to probable cause. In *State* v. *Taylor, supra,* the Court of Appeals for Hamilton County held that evidence of nominal excessive speed along with an odor of alcohol was insufficient to give rise to probable cause for

an arrest for driving under the influence of alcohol. As the court stated at 198:

"* * * If we were able to find anything in this record which would have indicated the existence of some reasonable indicia of operation under the influence of alcohol, we would not hesitate to reverse the trial court's decision in suppressing the tests. However, we do not find this to be the case. The mere odor of alcohol about a driver's person, not even characterized by such customary adjectives as 'pervasive' or 'strong,' may be indicia of alcohol ingestion, but is no more a probable indication of intoxication than eating a meal is of gluttony. * * *

"Nor would we consider an uncomplicated speed violation, only nominally in excess of the *prima facie* limit, without any weaving, improper lane changing, or *other indication of impaired control of the vehicle, corroborative evidence of intoxication. * * *.*" (Emphasis added.)

In this case such corroborative evidence of intoxication exists: a one-vehicle accident with no apparent explanation other than impaired control of the vehicle by the driver. The facts found by the trial court here are sufficient to warrant an arrest for a violation of R.C. 4511.19(A)(1) not committed in the officer's presence. *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271 [61 O.O.2d 496]. The motion to suppress should have been denied because there was probable cause for the arrest. The assignment of error is well-taken.

The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

BAIRD, P.J., and QUILLIN, J., concur.