THE STATE OF OHIO [VILLAGE OF RICHFIELD], APPELLEE, *v.* PAVAO, APPELLANT.

(No. 13210 — Decided December 30, 1987.)

*Gary Rosen,* city prosecutor, for appellee.

*Edmund M. Sawan,* for appellant.

QUILLIN, P.J. Appellant, John Pavao, was arrested by Officer Burroughs for various traffic offenses, including operating a motor vehicle while under the influence of alcohol in violation of Section 333.01(A)(1) of the Codified Ordinances of Richfield.

At trial, appellant filed a motion to dismiss or to suppress evidence on the grounds that the arresting officer lacked probable cause to arrest him for driving while under the influence of alcohol. The trial court overruled appellant's motion. Appellant then pleaded no contest and was found guilty of violating Section 333.01(A)(1).

Appellant now appeals the trial court's overruling of his motion to dismiss or to suppress evidence. We affirm.

Assignment of Error

"The trial court erred in overruling appellant's motion to dismiss and/or suppress where the arresting officer lacked probable cause to charge appellant with D.U.I."

The sole issue before us is whether Officer Burroughs had probable cause to arrest appellant for operating a motor vehicle while under the influence of alcohol. We hold that Burroughs did have probable cause to arrest appellant and, therefore, that the trial court was correct in overruling appellant's motion to dismiss or to suppress evidence.

Probable cause exists when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent man in believing that an offense has been committed. *Beck* v. *Ohio* (1964), 379 U.S. 89, 91, 31 O.O. 2d 80, 82. Thus, the existence of probable cause is a factual question. *State* v. *Bernard* (1985), 20 Ohio App. 3d 375, 376, 20 OBR 481, 482, 486 N.E. 2d 866, 867.

Appellant relied upon *State* v. *Taylor* (1981), 3 Ohio App. 3d 197, 3 OBR 224, 444 N.E. 2d 481, in support of his argument that Officer Burroughs lacked probable cause to arrest him for operating a motor vehicle while under the influence of alcohol. Even assuming *Taylor* is good law, the present case is distinguishable on its facts from *Taylor.* In *Taylor,* the court held there were no reasonable indicia of operation under the influence of alcohol. In the present case, Officer Burroughs clocked appellant driving at sixty-two miles per hour in a forty-mile-per-hour zone; noticed a strong odor of alcoholic beverage about appellant; and observed appellant stagger when he attempted to leave his car.

Each of the steps taken by Burroughs was reasonable under the circumstances. Appellant's speeding justified the stop; the strong odor of

alcoholic beverage about appellant justified having appellant exit the vehicle; and the staggering gave Burroughs, a police officer with more than thirteen years' experience, probable cause to believe that appellant was operating a vehicle while under the influence of alcohol. Because Burroughs had probable cause to arrest appellant, the trial court was correct in overruling appellant's motion to dismiss or suppress evidence.

The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY and GEORGE, JJ., concur.