The STATE of Ohio, Appellee,

v.

PRICE, Appellant.

[Cite as *State v. Price* (1992), 80 Ohio App.3d 108.]

Court of Appeals of Ohio,
Wayne County.

No. 2685.

Decided May 6, 1992.

Corey E. Spitler, Assistant Prosecuting Attorney, for appellee.

V. Lee Winchell, for appellant.

*Per Curiam.*

On June 9, 1991, defendant-appellant, David B. Price, was stopped by Officer Sizemore after passing another car in a marked no-passing zone. When Sizemore approached Price's vehicle, he detected a strong odor of alcohol. Sizemore requested appellant's driver's license, which he produced after some difficulty. Sizemore then asked Price to exit from his vehicle to perform several field sobriety tests.

Price completed the tests for Sizemore, but performed poorly. Officer Duffield arrived and performed the horizontal gaze nystagmus test on Price.

Duffield indicated that she believed Price was under the influence of alcohol, after which Sizemore arrested Price.

Price was transported to the police department for an intoxilyzer test. Price was administered the test at which time his breath-alcohol content registered .21.

Price filed a motion to suppress, asserting that Sizemore failed to comply with radio frequency interference ("RFI") survey requirements. The trial court held a hearing on Price's motion, at which Officer Sizemore testified. Sizemore testified that he could not remember whether he performed an RFI survey prior to administering Price's test. Sizemore also testified that two days earlier, two officers conducted an RFI survey, as demonstrated by a police department report. The trial court denied Price's motion to suppress.

Price entered a plea of no contest to a violation of R.C. 4511.19(A)(3). The court found Price guilty. Price appeals, raising four assignments of error.

## Assignment of Error I

"The court erred in admitting the hearsay testimony offered by the state through Patrolman Sizemore as to the statement of findings by Patrolwoman Laura Duffield."

Appellant asserts in his first assignment of error that the trial court erred by admitting hearsay testimony of Officer Sizemore. We do not agree that the testimony was hearsay.

"Hearsay" is an out-of-court statement offered to prove the truth of the matter asserted. Evid.R. 801(C). Where an out-of-court statement is offered without reference to its truth, it is not hearsay. *State v. Lewis* (1970), 22 Ohio St.2d 125, 132–133, 51 O.O.2d 209, 213, 258 N.E.2d 445, 450. Statements which are offered to explain a police officer's conduct while investigating a crime are likewise not hearsay. *State v. Blevins* (1987), 36 Ohio App.3d 147, 149, 521 N.E.2d 1105, 1108; *Fairfield v. Tillett* (Apr. 23, 1990), Butler App. No. CA89–05–073, unreported, 1990 WL 49996; see, generally, McCormick, Evidence (3d Ed.1984) 733–734, Section 249.

Officer Duffield's statement was not offered for its truth but rather to explain Sizemore's conduct and his decision to arrest Price. Therefore, the statement was not hearsay and was not prohibited by Evid.R. 801(C).

The first assignment of error is overruled.

### Assignment of Error II

"The court erred in refusing to suppress the testimony regarding physical tests performed by the appellant for or at the request of Patrolman Sizemore inasmuch as the evidence failed to show probable cause to arrest."

Price asserts that the court erred in overruling his motion to suppress because Sizemore did not have probable cause to arrest. We do not agree.

Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent man to believe that an offense has been committed. *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 224, 13 L.Ed.2d 142, 145; *State v. Pavao* (1987), 38 Ohio App.3d 178, 178, 528 N.E.2d 970, 971. The existence of probable cause is a factual question. *Pavao, supra; State v. Bernard* (1985), 20 Ohio App.3d 375, 376, 20 OBR 481, 481–482, 486 N.E.2d 866, 867.

The evidence in the case at bar demonstrates that the facts and circumstances within Sizemore's knowledge warranted his belief that Price was driving under the influence. Sizemore observed Price's vehicle pass another car in a marked no-passing zone. Sizemore also noticed a strong order of alcohol on Price's breath. Price also performed poorly on field sobriety tests for both Sizemore and Duffield. Because Sizemore had probable cause to arrest Price, that is not a basis to grant the motion to suppress and the trial court correctly overruled appellant's motion.

The second assignment of error is overruled.

### Assignment of Error III

"The court erred by permitting improper redirect examination of Patrolman Sizemore."

Appellant asserts in his third assignment of error that the court erred by allowing the state to inquire into a new matter on redirect examination. Specifically, Price objected to the state's explicit inquiry on redirect into Sizemore's opinion as to whether Price was under the influence of alcohol at the time of his arrest. After reviewing the transcript, we find that Sizemore was indirectly asked this same question on both direct and cross-examination. Therefore, the court did not err by allowing the state to inquire on this matter on redirect.

The third assignment of error is overruled.

### Assignment of Error IV

"The court erred in refusing to suppress the results of the intoxilyzer test inasmuch as the state failed to lay the proper foundation showing that the

unit had been properly tested and surveyed pursuant to Ohio Administrative Code 3701–53–0[2](C) and to prove that the unit was not subject to radio frequency interference at the time of the test."

Price asserts in his fourth assignment of error that the trial court erred by failing to suppress the results of his intoxilyzer test because the state failed to demonstrate that the unit was not subject to RFI at the time of the test. We do not agree with Price's contention.

■ Before the results of a breath test can be admitted into evidence against a criminal defendant, the state must demonstrate that the device was in proper working order at the time of the examination. *Mentor v. Girodano* (1967), 9 Ohio St.2d 140, 38 O.O.2d 366, 224 N.E.2d 343, paragraph six of the syllabus; *State v. Conner* (Jan. 16, 1991), Summit App. No. 14742, unreported, 1991 WL 6140. Rigid compliance with the Ohio Department of Health ("ODH") regulations, as set out in Ohio Adm.Code 3701–53–02, is not a prerequisite to admissibility of the test results as such compliance is not always humanly or realistically possible. *State v. Plummer* (1986), 22 Ohio St.3d 292, 294, 22 OBR 461, 463, 490 N.E.2d 902, 905; *State v. Gilchrist* (Apr. 10, 1991), Medina App. No. 1926, unreported, 1991 WL 57314; *Conner, supra.* Substantial compliance with the ODH regulations is required for admissibility. *Plummer, supra; Conner, supra.*

■ In the case at bar, Sizemore reviewed a police department report which detailed the previous RFI survey. According to the report, two officers performed an RFI survey on June 7, 1991, which did not indicate the presence of RFI. The ODH regulations do not require an RFI survey to be conducted prior to each use of the machine. Based on the report and Sizemore's testimony, which demonstrates substantial compliance with the ODH regulations, the court properly overruled Price's motion to suppress.

The fourth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.

CACIOPPO, P.J., concurs in judgment only.