CITY OF BROADVIEW HEIGHTS, Appellant,

v.

ABKEMEIER, Appellee.

[Cite as *Broadview Hts. v. Abkemeier* (1992), 83 Ohio App.3d 633.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60297.

Decided Nov. 16, 1992.

*Weiler & Weiler* and *Kevin P. Weiler,* for appellant.

*James T. Holden, Jr.,* for appellee.

HARPER, Judge.

Plaintiff-appellant city of Broadview Heights appeals from the decision of the Parma Municipal Court which granted defendant-appellee Kenneth A. Abkemeier, Jr.'s motion to suppress. The city maintains that the investigatory stop and subsequent arrest of Abkemeier for driving under the influence was justified based upon the evidence presented at the suppression hearing.

The city's sole witness at the suppression hearing was Patrolman Rajko Ivanovic from the Broadview Heights Police Department. He testified that while he was on duty on April 15, 1990, he monitored a radio broadcast from the North Royalton Police Department at approximately 1:22 a.m. Ivanovic learned that the Strongsville Police Department advised the North Royalton department of a black Corvette speeding eastbound on Route 82, also known as Royalton Road. Since North Royalton officers were not in the immediate area, Ivanovic responded to the call by proceeding to the Seneca Apartments located at 1652 West Royalton Road. Ivanovic observed an eastbound black Corvette, apparently exceeding the posted speed limit of thirty-five m.p.h., as he pulled into the parking lot of the apartment complex. However, the Corvette's speed was never actually clocked because Ivanovic did not have sufficient time to do so. Nevertheless, Ivanovic activated his vehicle's pursuit lights, turned around and followed the Corvette into a parking lot of the Dairy Deli store at 1001 West Royalton Road.

Ivanovic shined his spotlight on the Corvette as he approached it. The driver, Abkemeier, exited the vehicle and walked towards the store even though aware of the officer's presence. Ivanovic instructed Abkemeier to stop, to turn around, and to provide his driver's license. Abkemeier could only provide his Social Security number. Patrolman Braskie of the Broadview Heights Police Department then arrived to assist Ivanovic.

Braskie conducted a pat-down search of Abkemeier and recovered a glass with "Mirage" imprinted thereon. Abkemeier admitted that he was drinking at the Mirage, a bar in Strongsville. Ivanovic noted that while Abkemeier was spoken to, he swayed and smelled of alcohol. Braskie thereafter initiated field sobriety tests.

Abkemeier failed to negotiate the turn in the walk and turn test. He repeated himself when counting in the one-leg stand test. Ivanovic, however, was not qualified to testify about the results of a third field sobriety test, the gaze nystagmus test. Based upon these test results, Abkemeier was handcuffed and placed under arrest. An intoxilyzer test was subsequently performed by Patrolman Kulczycki of the North Royalton Police Department.

Abkemeier was cited for driving under the influence of alcohol and/or drugs in violation of Broadview Heights Codified Ordinance 434.01(a)(1), and for driving under the influence of alcohol with blood-alcohol content over .10 in violation of Broadview Heights Codified Ordinance 434.01(a)(3).

Abkemeier entered a plea of not guilty to the charges on May 3, 1990 in Broadview Heights Mayor's Court, whereupon the case was transferred to Parma Municipal Court. Abkemeier subsequently filed a motion to suppress and dismiss which was granted by the trial court after oral hearing.

In its sole assignment of error, the city contends the trial court erred in granting the motion to suppress since the stop of Abkemeier and evidence obtained were the result of a legal search and seizure. The city maintains the speeding violation justified the stop and the indicia of intoxication warranted the arrest for driving under the influence.

■ A police stop of a vehicle is a significant intrusion which requires justification of a "seizure" under the Fourth and Fourteenth Amendments to the United States Constitution. *Delaware v. Prouse* (1979), 440 U.S. 648, 653, 99 S.Ct. 1391, 1395, 59 L.Ed.2d 660, 667.

■ The Supreme Court in *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, made clear that an officer may make an investigatory stop when he has a reasonable suspicion that criminal activity is imminent. *Id.* at 22, 88 S.Ct. at 1880, 20 L.Ed.2d at 906. The stop, however, must be reasonable at the inception and based upon specific and articulable facts that encompass the totality of the surrounding circumstances. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489.

The Supreme Court of Ohio recently reaffirmed the totality of the circumstances test in *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271, stating:

"A court reviewing the officer's actions must give due weight to his experience and training and view the evidence as it would be understood by those in law enforcement."

■ This court must initially determine whether Patrolman Ivanovic had an "articulable and reasonable suspicion" that Abkemeier was violating the law when stopped by him. Ivanovic testified that he observed the black Corvette travelling at an estimated sixty m.p.h. in a thirty-five m.p.h. zone. It is true as stressed by Abkemeier that the officer first testified that the Corvette was "apparently speeding." However, Ivanovic stated that even though he was unable to clock the vehicle, there was "no doubt" in his mind "the vehicle was exceeding the posted speed limit of thirty-five miles per hour."

■ The trier of fact is in an unique position to observe a witness face-to-face. Nonverbal behavior accounts for sixty percent of the total meaning of a transmitted message; another thirty percent of the meaning is gleaned from voice inflection. Only ten percent of the total message results from a witness' choice of words. Rasicot, New Techniques for Winning Jury Trials (1990) 10. A witness' information is, therefore, amazingly judged by focusing primarily on nonverbal communication.

The trial court here had the opportunity to observe the witness and then found that Ivanovic failed to demonstrate he had a "articulate and reasonable suspicion" that Abkemeier was in violation of the speed limit. The trial court, as the trier of fact, had the discretion to believe or not believe the police officer's version of the events. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d at 212. We fail to find an abuse of discretion here. In light of the absence of any other evidence, such as clocking with the cruiser's speedometer, we question whether Ivanovic merely assumed Abkemeier's Corvette was the "speeding black Corvette." In so ruling, and under the circumstances of this case, we reject the Lake County Court of Appeals decision in *Kirtland Hills v. Logan* (1984), 21 Ohio App.3d 67, 21 OBR 71, 486 N.E.2d 231 (where the court accepted a police officer's opinion testimony that defendant was travelling in excess of fifty m.p.h. in a forty m.p.h. zone).

Accordingly, appellant's assignment of error is overruled as the trial court properly granted Abkemeier's motion to suppress.

*Judgment affirmed.*

JAMES D. SWEENEY, J., concurs in judgment only.

ANN McMANAMON, P.J., dissents.

ANN MCMANAMON, Presiding Judge, dissenting.

I respectfully dissent. I disagree with the majority's rejection of the holding in *Kirtland Hills v. Logan* (1984), 21 Ohio App.3d 67, 21 OBR 71, 486 N.E.2d 231. I would hold that radar confirmation of a defendant's speeding is not necessary for a conviction if the arresting officer testifies, "based on his knowledge and expertise," that the defendant was exceeding the speed limit. *Id.* at 69, 21 OBR at 73, 486 N.E.2d at 232.

I also disagree the trial court based its ruling on disbelief of the officer's undisputed testimony that Abkemeier was speeding. A careful reading of the transcript demonstrates the court accepted that the defendant was driving in excess of the speed limit, but believed that the state had to prove the defendant also was driving in some otherwise erratic fashion before the officer had probable cause to arrest Abkemeier for driving under the influence. The officer observed the defendant traveling approximately sixty miles per hour in a thirty-mile-per-hour zone. The officer's observations justified the stop of Abkemeier. *State v. Pavao* (1987), 38 Ohio App.3d 178, 528 N.E.2d 970. After the stop, the officer smelled alcohol on Abkemeier and observed the defendant's swaying. Abkemeier also failed to complete two of the field sobriety tests successfully. Based upon all of the evidence, I would hold the police officer had probable cause to arrest the defendant for driving under the influence. *Id.*