OPINION.
{¶ 1} This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R.11.1(E) and Local Rule 12. Pursuant to Loc.R. 12, we hereby elect to issue a full opinion in lieu of a judgment entry.
 {¶ 2} This is a state appeal from the judgment of the Crawford County Municipal Court which granted Defendant-Appellee, David G. Bucher II's (Bucher) motion to suppress evidence relating to his citation for OMVI because probable cause did not exist to place Bucher under arrest.
 {¶ 3} On October 18, 2002, Bucher was involved in a two car accident from which he was transported to the hospital by ambulance. At the hospital, Bucher was arrested by the investigating officer, Deputy Sheriff, Jim Davis, for driving while under the influence of alcohol and thereafter submitted to a blood test which reflected a B.A.C. of .107. On November 3, 2002, Davis issued Bucher a ticket for violating R.C.4511.19(A). On November 6, 2002, Bucher entered a plea of not guilty. Thereafter Bucher filed a motion to suppress evidence obtained by Davis.
 {¶ 4} On February 24, 2002, a hearing was held. Davis, the sole witness, testified that he did not speak to Bucher at the scene of the accident, that a passenger in the vehicle stated that, while he did not know how many drinks Bucher drank, he saw Bucher drink one Absolute vodka, that he spoke to Bucher at the hospital where Bucher recognized him as a prior acquaintance and was responsive to questions, that Bucher was yelling in the emergency room, that he observed an odor of alcohol on Bucher, that Bucher admitted having a few beers, that he drew blood at the hospital which reflected a BAC level of .107, and that while Bucher was not cited for causing the accident, he was probably responsible for a percentage of the accident.
 {¶ 5} On March 17, 2003, the trial court sustained Bucher's motion to suppress finding that Davis had no probable cause to arrest Bucher for driving under the influence.
 {¶ 6} The State now appeals asserting the following assignment of error:
The Municipal Court erred in granting the defendant/appellee's motionto suppress evidence as the officer had reasonable grounds to believethat the defendant/appellee was operating a motor vehicle while under theinfluence of alcohol.
 {¶ 7} In reviewing a motion to suppress, an appellate court is "bound to accept the trial court's findings of fact if they are supported by competent, credible evidence." Village of McComb v. Andrews, Hancock App. No. 5-99-41, 2000-Ohio-1663. Additionally, an appellate court must then "independently determine as a matter of law, without deference to the trial court's conclusion, whether they met the applicable legal standard." Id.
 In determining whether the police had probable cause to arrest anindividual for DUI, we consider whether, at the moment of arrest, thepolice had sufficient information, derived from a reasonably trustworthysource of facts and circumstances, sufficient to cause a prudent personto believe that the suspect was driving under the influence. [citationsomitted] In making this determination, we will examine the `totality' offacts and circumstances surrounding the arrest.
State v. Rannes, Logan App. No. 8-02-12, 2002-Ohio-4691 ¶ 11, quotingState v. Homan (2000), 89 Ohio St.3d 421, 427.
 {¶ 8} The state argues that the testimony given by Davis was sufficient to prove probable cause to arrest Bucher. In support of this proposition, the State cites two cases wherein the trial court found that there was probable cause to arrest a suspect for driving under the influence of alcohol when the suspect was involved in a traffic accident as the driver of the car and emits an odor of alcohol. See Fairfield v.Regner (1985), 23 Ohio App.3d 79, 84; State v. Bernard (1985),20 Ohio App.3d 375, 376. However, as pointed out by Bucher, these cases each involve a single-vehicle accident where there is no question that the suspect failed to keep control of the car. A case more directly on point, State v. Whittington, Knox App. No. 03CA000005, 2003-Ohio-3167 was decided after the filing of the instant appeal. In that case, the defendant was in a two-car accident for which he was not cited, had a moderate odor of alcohol on his person, had slurred speech, and had glassy, bloodshot eyes. Furthermore, the investigating officer in that case, testified that while the defendant was not cited for the accident, the defendant had not been able to control his vehicle.
 {¶ 9} First we would note that in the case of an accident where the driver is transported to the hospital by ambulance, an investigating officer may be limited as to the type of indica he has available to him to consider when determining whether the driver of the vehicle was driving under the influence. For example, an officer will likely be unable to utilize the field sobriety tests and the investigation may be inhibited by the fact that some of the obvious indicia of driving under the influence such as slurred speech and bloodshot eyes may have been caused by the accident itself.
 {¶ 10} In the present case, Davis utilized the indica of driving under the influence that were available to him at that time. Specifically, while Davis was unable to see Bucher's eyes through the blood on his face and Bucher's speech was not slurred, Davis testified that Bucher was driving a vehicle that was involved in an accident which he may have contributed to, that a passenger in Bucher's vehicle stated that while he did not know how many drinks Bucher had consumed, he saw Bucher consume one drink in his presence, that Bucher was yelling in the emergency room and that Bucher had an odor of alcohol about him. Under the totality of these circumstances, we find that there were facts sufficient to cause a prudent person to believe that Bucher was driving under the influence at the time Bucher was arrested. See also State v.McWilliams (Mar. 1, 1995) Hamilton App. No. C-940378, C-940379, Gorman, J. concurring (finding that probable cause exits when there is a multiple vehicle accident and an odor of alcohol or admission of recent alcohol consumption). Consequently, Davis had probable cause to arrest Bucher, and the State's assignment of error is sustained.
 {¶ 11} Based on the foregoing, the judgment of the Municipal Court of Crawford County is reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
BRYANT, P.J., concurs.
WALTERS, J., dissents.