[Cite as *State v. Spires* , 2011-Ohio-3661.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No.  10CA10 |
| | : | |
| vs. | : | **Released: July 14, 2011** |
| | : | |
| JACK R. SPIRES, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Michael L. Barr, Little & Sheets, LLP, Pomeroy, Ohio, for Appellant.

C. Jeffrey Adkins, Gallia County Prosecuting Attorney, Gallipolis, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Appellant, Jack Spires, appeals from his conviction in the Gallia County Court of Common Pleas after a jury found him guilty of four counts of burglary in violation of R.C. 2911.12, felonies of the second degree, and one count of breaking and entering in violation of R.C. 2911.13, a fifth degree felony.  On appeal, Appellant contends that 1) the trial court committed plain error in permitting hearsay testimony to be entered into the record; 2) the trial court committed plain error in permitting unauthenticated pictures and objects to be entered as evidence; 3) the trial court committed

plain error in not issuing a jury instruction that no adverse inferences were to be drawn from defendant's exercise of his right to not testify; 4) he received ineffective assistance of counsel; 5) his conviction was against the manifest weight of the evidence; 6) the State failed to produce sufficient evidence to sustain convictions of burglary and breaking and entering; and 7) the cumulative error in the trial deprived him of a fair trial.

{¶2} We cannot conclude that the trial court erred or abused its discretion in admitting certain testimony, pictures and objects and, as such, Appellant's first and second assignments of error are overruled. Additionally, as we find no error, plain or otherwise, related to the instructions provided to the jury, Appellant's third assignment of error is overruled. Likewise, based upon our determination that Appellant did not receive ineffective assistance of counsel, Appellant's fourth assignment of error is overruled.

{¶3} Further, in light of our determination that Appellant's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence, Appellant's fifth and sixth assignments of error are overruled. Finally, as Appellant has failed to demonstrate any error, let alone multiple errors, his seventh assignment is overruled. Having

overruled all of Appellant's assignments of error, we affirm the judgment of the trial court.

FACTS

{¶4} A review of the record reveals that on or about October 15, 2009, Appellant was stopped in Gallia County, while driving a white vehicle owned by Jessica Duncan, who was a passenger in the vehicle. Appellant was stopped after a high speed chase spanning twelve to fourteen miles. Once stopped, Ms. Duncan, the owner of the vehicle, provided consent to search the vehicle. There in, law enforcement recovered various items, including computers, tools, a shotgun, a purse, and jewelry, later determined to be stolen property, which was linked to multiple reported burglaries that had occurred throughout the day.

{¶5} Appellant and Ms. Duncan were arrested. Although Appellant refused to provide a statement, Ms. Duncan provided two taped statements to law enforcement. In her second statement, she essentially stated that she and Appellant had been riding around all afternoon and that while she remained in the vehicle, Appellant burglarized several residences and broke into an outbuilding. She attributed the pair's activities to their drug addictions and stated that they needed money to buy drugs.

{¶6} A criminal complaint was filed against Appellant on October 19, 2009, and Appellant was subsequently indicted on four counts of burglary and one count of breaking and entering. Appellant pled not guilty to the charges and the matter proceeded to a jury trial on May 18, 2010. At trial, the State's primary witness was Jessica Duncan. The record reveals that Ms. Duncan was offered a plea agreement in exchange for testifying against Appellant at trial. The State also introduced multiple other witnesses, including the crime victims, neighbors who were witnesses to the events, as well as law enforcement involved in Appellant's stop and investigation of the crimes.

{¶7} The jury found Appellant guilty of all four counts of burglary and the breaking and entering count. The trial court sentenced Appellant to eight year prison terms on each burglary count and a twelve month term on the breaking and entering count, to be served consecutively for an aggregate prison term of thirty three years. Appellant was also ordered to pay restitution in the amount of $1,078.50. It is from this conviction and sentence that Appellant now brings his timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.      THE TRIAL COURT COMMITTED PLAIN ERROR IN
         PERMITTING HEARSAY TESTIMONY TO BE ENTERED ONTO
         THE RECORD.

II.      THE TRIAL COURRT [SIC] COMMITTED PLAIN ERROR IN
         PERMITTING UNAUTHENTICATED PICTURES AND OBJECTS
         TO BE ENTERED AS EVIDENCE.

III.     THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT
         ISSUING A JURY INSTRUCTION THAT NO ADVERSE
         INFERENCES WERE TO BE DRAWN FROM DEFENDANT'S
         EXERCISE OF HIS RIGHT TO NOT TESTIFY.

IV.      DEFENDANT JACK SPIRES RECEIVED INEFFECTIVE
         ASSISTANCE OF COUNSEL FOR THE FOLLOWING REASONS:

         A.      HIS ATTORNEY REFUSED TO ALLOW HIM TO TESTIFY
                 TO ALIBI OF ON HIS OWN BEHALF, THEREBY
                 LEAVING THE STATE'S EVIDENCE UNCONTESTED;

         B.      HIS ATTORNEY FAILED TO MOVE THE COURT FOR AN
                 ACQUITAL [SIC] PURSUANT TO OHIO CRIMINAL RULE
                 29.

V.       THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT
         OF THE EVIDENCE.

VI.      THE STATE FAILED TO PRODUCE SUFFICIENT EVIDENCE
         TO SUSTAIN CONVICTIONS OF BURGLARY AND BREAKING
         AND ENTERING.

VII.     THE CUMULATIVE ERROR IN THE TRIAL DEPRIVED THE
         DEFENDANT OF A FAIR TRIAL."

ASSIGNMENT OF ERROR I

{¶8} In his first assignment of error, Appellant contends that the trial court committed plain error in permitting hearsay testimony to be entered into the record.  Under this assignment of error, Appellant challenges four specific instances of testimony, which he contends constituted hearsay.  Two of the instances were objected to below and two were not.  Thus, our review of these statements will involve different standards of review.

{¶9} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court[.]" *State v. Haines*, 112 Ohio St.3d 393, 2006-Ohio-6711, 860 N.E.2d 91, at ¶ 50, citing *State v. Robb*, 88 Ohio St.3d 59, 68, 2000-Ohio-275, 723 N.E.2d 1019. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶10} Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." A witness is barred from testifying as to the statements made by another only when the statement is offered to prove the truth of the matter asserted in the statement, and only where the statement falls outside any exceptions to the rule against hearsay

as set forth in Evid.R. 803 and 804. See *State v. Davis* (1991), 62 Ohio St.3d 326, 344, 581 N.E.2d 1362. Evid.R. 802 contains the general prohibition against the admission of hearsay and provides: "Hearsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio."

{¶11} We will first address the statements Appellant challenges that he objected to below. Appellant objects to a statement provided by Monica Helms in which Ms. Helms stated that she received a call at work from her mother informing her that her house alarm was going off. Appellant claims that this statement constituted inadmissible hearsay. The State contends that the statement was not offered for the truth of the matter asserted, but rather was offered for the effect on the listener, to show why she went home and discovered items had been stolen, and is therefore not considered to be hearsay under Evid.R. 801(C). We agree. See, *State v. Wente* (Cuyahoga App. No. 85501, 2005-Ohio-4825 at ¶ 8-10 (statement by burglary victim that she received a call from her mother informing her that her house had been broken into was not offered for the truth of the matter asserted and therefore was not inadmissible hearsay).

{¶12} Appellant also objected at trial to testimony provided by Lisa Harmon in which Harmon described the various items of property stolen from each house, as identified by Ms. Duncan during the course of the investigation. The State contends that this testimony simply duplicated the direct testimony of Ms. Duncan, which had already been entered into the record and had been heard by the jury. As such, the State contends that if the statements were admitted in error, such error was harmless. Based upon the following, we agree with the State.

{¶13} Not only were the details of Harmon's testimony already in evidence by virtue of Ms. Duncan's testimony, Harmon's testimony served to illustrate the steps taken during the course of her investigation. "[I]t is well-settled that statements offered by police officers to explain their conduct while investigating a crime are not hearsay because they are not offered for their truth, but rather, are offered as an explanation of the process of investigation." *State v. Warren* Cuyahoga App. No. 83823, 2004-Ohio-5599 at ¶ 46; citing *State v. Price* (1992), 80 Ohio App.3d 108, 110, 608 N.E.2d 1088; *State v. Braxton* (1995), 102 Ohio App.3d 28, 49, 656 N.E.2d 970; *State v. Blevins* (1987), 36 Ohio App.3d 147, 149, 521 N.E.2d 1105. Thus, we find no error related to the admission of these statements.

{¶14} Appellant challenges two additional statements to which he did not object below. As Appellant failed to object to the admission of the testimony below, our review is limited to a plain error analysis. For a reviewing court to find plain error: (1) there must be an error, i.e., "a deviation from a legal rule;" (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings;" and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. Furthermore, the Supreme Court of Ohio has admonished courts that notice of plain error under Crim.R. 52(B) is to be taken "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id., quoting *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus.

{¶15} Appellant first objects to a statement provided by Sergeant Eric Werry wherein the sergeant testified that one of the victims, Mr. Saunders, told him he accidentally left his back door unlocked. Appellant objects to another statement of Sergeant Werry wherein the sergeant testified regarding information he had received from a Jackson County deputy during his investigation. Specifically, Sergeant Werry testified that he contacted Jackson County when he discovered that the tags to the suspect white

vehicle were linked with Ms. Duncan. He testified that Deputy Bartles with Jackson County informed him "he was working similar cases with that same vehicle and them two people." The State contends that these statements were not offered for the truth of the matter asserted and instead were offered to establish the investigative steps taken by the sergeant in connection with the burglary investigations. We agree with the State.

{¶16} As set forth above, "it is well-settled that statements offered by police officers to explain their conduct while investigating a crime are not hearsay because they are not offered for their truth, but rather, are offered as an explanation of the process of investigation." *State v. Warren*, supra, at ¶ 46. Further, considering that our standard of review under this portion of the assignment of error is plain error, we note that Mr. Saunders himself also testified regarding the door being unlocked. Thus, this evidence would have properly been before the jury whether Sergeant Werry's testimony had been admitted or not. As such, the inclusion of this evidence did not affect the outcome of the proceedings. Accordingly, Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

{¶17} In his second assignment of error, Appellant contends that the trial court committed plain error in permitting unauthenticated pictures and

objects to be entered as evidence.  The record reflects that Appellant's counsel objected to the admission of Exhibits 13 and 14, and that the trial court admitted those exhibits over the objection.  Exhibit 13 was a photograph of a Harley Davidson watch and ring recovered from the vehicle Appellant was driving when he was arrested.  Exhibit 14 consisted of the actual watch and ring.  As Appellant's counsel objected to the admission of these items of evidence below, we conclude that our standard of review is one of abuse of discretion, rather than plain error.

{¶18} The admission of photographic evidence is a matter within the sound discretion of the trial court. *State v. Awkal* (1996), 76 Ohio St.3d 324, 333, 1996-Ohio-395, 667 N.E.2d 960; see, also, *State v. Wray*, Gallia App. No. 00CA08, 2001-Ohio-2356.  Thus, we will not reverse a decision to admit photographic evidence unless we find that decision to be an abuse of discretion. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *In re Jane Doe 1 (1991),* 57 Ohio St.3d 135, 138, 566 N.E.2d 1181.

{¶19} Evid.R. 901 governs authentication and identification of evidence and provides in (A) that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  The rule further provides as follows:

"(B) Illustrations

By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be."

{¶20} Thus, the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid.R. 901(A), see, also, *State v. Wray*, supra; citing *State v. Aliff* (Apr. 12, 2000), Lawrence App. No. 99CA8, 2000 WL 378370.  In *Wray*, we noted that "[a] photograph is authenticated or identified by evidence establishing that it is a fair and accurate representation of that which it is purported to depict. Citing, *State v. Hill* (1967), 12 Ohio St.2d 88, 90, 232 N.E.2d 394. Furthermore, as noted in *Wray*, "no chain of evidence is required when admitting photographs because they normally are not susceptible to tampering, alteration or substitution when properly authenticated." *Wray*,

supra; citing *State v. Clark* (May 17, 1988), Pike App. No. 408, 1988 WL 50506.

{¶21} In the case sub judice, Vicki Mulholand testified that the photograph labeled as Exhibit 13 offered into evidence fairly and accurately depicted the Harley Davidson watch and ring she had seen her son wear on more than one occasion.[1]  The State then followed with Exhibit 14, which was the actual watch and ring recovered from the vehicle.  Ms. Mulholand again testified that it looked like her son Justin's watch and ring, saying that it "looks just exactly like the ones he owned."  Appellant contended below that because the watch and ring were not engraved or personalized, and could have been bought by anyone at a Harley shop that they were "unauthenticateable."  Appellant further claims that Ms. Mulholland admitted "Exhibits 13 and 14, might not have come from her house."  The State counters by directing our attention to Ms. Mulholands actual testimony on cross examination, which was as follows:

"Q.    * * * Uh, I apologize for picking on the ring and stuff, but that is something, the ring and the watch, those are things that you can buy at the Harley shop aren't they?

A.    Yes.

---

[1] To be specific, Ms. Mulholand testified, when asked what Exhibit 13 appeared to be a picture of, that "it looks like my son's watch and ring."

Q.    So what's here in the envelope could have come from a Harley shop, not from your house?

A.    I suppose."

{¶22} Given the evidence presented, the trial court did not abuse its discretion by admitting the photographs, or the actual items, over Appellant's objection concerning the proper foundation. In our view, Ms. Mulholand was a witness with knowledge who testified that the items of evidence in question were what they claimed to be, in accordance with the requirements of Evid.R. 901.  Further, her acknowledgment that these particular items could possibly also be purchased at a Harley shop do not diminish her opinion that these particular items looked exactly like the ones she had seen her son wear on prior occasions and which were missing from her house. Thus, Appellant's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

{¶23} In his third assignment of error, Appellant contends that the trial court committed plain error in not issuing a jury instruction that no adverse inferences were to be drawn from his exercise of his right not to testify.  The State responds by pointing out that the trial court gave a special instruction regarding Appellant's failure to testify and, as such, did not err.

{¶24} "A trial judge has the constitutional obligation, *upon proper request*, to minimize the danger that the jury will give evidentiary weight to

a defendant's failure to testify. *Upon proper request*, defendant has a right, under the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment, to have the judge instruct the jury that the defendant's failure to testify cannot be considered for any purpose." *State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583, paragraph one of the syllabus, following *Carter v. Kentucky* (1981), 450 U.S. 288, 101 S.Ct. 1112; See, also *State v. Mullins*, Montgomery App No. 21277, 2007-Ohio-1051 at ¶ 17; *State v. Hill* (Aug. 5, 1994), Washington App. No. 93CA35, 1994 WL 419985.  (Emphasis added).

{¶25} As indicated above, *Carter* requires such an instruction only "upon proper request."  *State v. Hill*; citing *State v. Fanning* at 21.  As in *Fanning*, here, a review of the record indicates that Appellant did not file a written special jury instruction request at the close of the evidence pursuant to Crim.R. 30, which requires that the request must be in writing and made at the close of the evidence or at such earlier time as the court reasonably directs in order to be proper.  As such, Appellant was not entitled to a special instruction under *Carter*, concerning the jury's consideration of his failure to testify.

{¶26} Appellant contends that the trial court committed plain error in failing to provide a special instruction to the jury despite his failure to

request a special instruction. As set forth above, for a reviewing court to find plain error: (1) there must be an error, i.e., "a deviation from a legal rule"; (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings"; and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes*, supra, at 27. Furthermore, the Supreme Court of Ohio has admonished courts that notice of plain error under Crim.R. 52(B) is to be taken "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id., quoting *State v. Long,* supra, at paragraph three of the syllabus.

{¶27} Despite the fact that Appellant was not entitled to a special instruction, the trial court instructed the jury as follows:
"Now it is not necessary that the defendant take the witness stand in his own defense. He has a Constitutional right not to testify. The fact that the defendant did not testify must not be considered for any purpose."
Thus, we find no error, plain or otherwise, in the instructions provided by the trial court. Accordingly, Appellant's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

{¶28} In his fourth assignment of error, Appellant contends that he received ineffective assistance of counsel. Specifically, Appellant argues that his counsel was ineffective in refusing to allow him to testify to an alibi or testify on his own behalf, and was ineffective for failing to move for an acquittal pursuant to Crim.R. 29. The State disagrees, arguing that Appellant has failed to demonstrate how his counsel's performance was deficient or prejudiced him.

{¶29} In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense so as to deprive him of a fair trial. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, at ¶ 205, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. To establish deficient performance, an appellant must show that trial counsel's performance fell below an objective level of reasonable representation. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, at ¶ 95. To establish prejudice, an appellant must show a reasonable probability exists that, but for the alleged errors, the result of the proceeding would have been different. Id. " 'In Ohio, a properly licensed attorney is presumed competent and the

appellant bears the burden to establish counsel's ineffectiveness.' " *State v. Countryman*, Washington App. No. 08CA12, 2008-Ohio-6700, at ¶ 20, quoting *State v. Wright*, Washington App. No. 00CA39, 2001-Ohio-2473; *State v. Hamblin* (1988), 37 Ohio St.3d 153, 155-56, 524 N.E.2d 476, cert. den. *Hamblin v. Ohio* (1988) 488 U.S. 975, 109 S.Ct. 515.

{¶30} Appellant first asserts that his counsel was ineffective for refusing to allow him to testify to an alibi, or on his own behalf, thereby leaving the State's evidence uncontested. We first note that "[g]enerally, decisions to call witnesses is within the purview of defense counsel's trial strategy and is not considered deficient performance absent a showing of prejudice." *State v. Jackson*, Lawrence App. No. 97CA2, 1997 WL 749480; citing, *State v. Hunt* (1984), 20 Ohio App.3d 310, 312, 486 N.E.2d 108. Further, as noted by the State, Appellant has offered no evidence to demonstrate that his trial counsel actually blocked him from testifying, either on his own behalf or with regard to an alibi.[2] To the extent that this occurred, it must have occurred off the record. "We may not consider matters outside the record on a direct appeal. Instead, an appellant may raise matters outside the record by filing a postconviction relief petition in the trial court." *State v. Hoke*, Lawrence App. No. 10CA32, 2011-Ohio-1221 at

---

[2] In addition, there was no notice of alibi filed in the record, in accordance with Crim.R. 12.1, to even indicate that Appellant had an alibi.

¶ 10;  See, e.g.*, State v. Nichols* (1984), 11 Ohio St.3d 40, 42, 463 N.E.2d 375.  Accordingly, we reject the first argument advanced under Appellant's fourth assignment of error.

{¶31} Next, Appellant asserts that his counsel was ineffective for failing to move for an acquittal pursuant to Crim.R. 29.  As we discuss later in the resolution of Appellant's fifth assignment of error, the State presented sufficient evidence to sustain Appellant's convictions for burglary and breaking and entering.  Therefore, a Crim.R. 29 motion for acquittal would have been fruitless in this case. As a result, trial counsel's failure to move for acquittal under Crim.R. 29 did not constitute ineffective assistance of counsel. *State v. Norman*, Ross App. Nos. 08CA3059, 08CA3066, 2009-Ohio-5458 at ¶ 72; See, also, *State v. Murphy*, Washington App. No. 03CA12, 2003-Ohio-4939, at ¶ 21 (citations omitted).

{¶32} Accordingly, Appellant's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

{¶33} In his fifth assignment of error, Appellant contends that his conviction was against the manifest weight of the evidence.  "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins* (1997), 78

Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. Sufficiency tests the adequacy of the evidence, while weight tests "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other[.]" *State v. Sudderth*, Lawrence App. No 07CA38, 2008-Ohio-5115, at ¶ 27, quoting *Thompkins* at 387.

{¶34} "Even when sufficient evidence supports a verdict, we may conclude that the verdict is against the manifest weight of the evidence, because the test under the manifest weight standard is much broader than that for sufficiency of the evidence." *State v. Smith*, Pickaway App. No. 06CA7, 2007-Ohio-502 at ¶ 41. When determining whether a criminal conviction is against the manifest weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus. See, also, *Smith* at ¶ 41. We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." *Smith* at ¶ 41,

citing *State v. Garrow* (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814; State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. However, "[o]n the trial of a case, * * * the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212 at paragraph one of the syllabus.

{¶35} Appellant was convicted of one count of burglary under R.C. 2911.12(A)(1) and three counts of burglary under R.C. 2911.12(A)(2). R.C. 2911.12(A)(1) and (2) provide as follows:

"(A) No person, by force, stealth, or deception, shall do any of the following:

(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, *when another person other than an accomplice of the offender is present*, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;

(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person *when any person other than an accomplice of the offender is present or likely to be present*, with purpose to commit in the habitation any criminal offense[.]"  (Emphasis added).

Appellant was also convicted of one count of breaking and entering, in violation of R.C. 2911.13(A), which provides that "[n]o person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose

to commit therein any theft offense, as defined in section 2913.01 of the

Revised Code, or any felony."

{¶36} Here, the State presented several witnesses in support of their theory that Appellant burglarized four houses. First and foremost, Jessica Duncan testified on behalf of the State. Ms. Duncan was Appellant's girlfriend and accomplice in the crimes. The State agreed to allow her to plead to a charge of complicity in exchange for her testimony against Appellant at trial. Ms. Duncan testified that she was in the car with Appellant when he drove her car around Gallia County on the day of the crime spree. She testified that the two of them had drug problems and they were trying to come up with money to buy drugs. She testified that she remained in the car while Appellant entered several residences and one outbuilding and took various different items throughout the day. Ms. Duncan further testified that after being stopped, she provided law enforcement consent to search her vehicle. She also gave a statement to law enforcement.[3]

{¶37} The vast majority of Appellant's argument under this assignment of error is premised on an assertion that Ms. Duncan's testimony

---

[3] The record indicates that Ms. Duncan provided two taped interviews on the day she was arrested. Her testimony indicates that she provided a second statement because the first statement she provided was not truthful, explaining that she was scared that she was in trouble. Both of these taped interviews were played for the jury.

was not credible and should have been "zero credibility" by the jury.

However, the weight to be given evidence and the credibility to be afforded

testimony are issues to be determined by the trier of fact. *State v. Frazier*, 73

Ohio St.3d 323, 339, 1995-Ohio-235, 652 N.E.2d 1000, citing *State v.*

*Grant*, 67 Ohio St.3d 465, 477, 1993-Ohio-171, 620 N.E.2d 50. The fact

finder "is best able to view the witnesses and observe their demeanor,

gestures, and voice inflections, and use these observations in weighing the

credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*

(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Thus, we will only interfere

if the fact finder clearly lost its way and created a manifest miscarriage of

justice.  Here, the jury chose to believe Ms. Duncan's testimony, as well as

the testimony of the State's other witnesses, which will be more fully

discussed herein, and we will not substitute our judgment for that of the jury

under these circumstances.

{¶38} Appellant further argues under this assignment of error that

aside from Ms. Duncan's testimony, which he deems unreliable, the State's

evidence was "indirect, circumstantial, and of little probative value."

Appellant argues that absent Ms. Duncan's testimony, the State could not

place him inside any of the occupied structures.  To the contrary, a review of

the trial transcript reveals that the State presented testimony from Haskell

Saunders, Monica Helms, Teresa Reynolds, Kendra Bence, Phyllis Hash, Vicki Mulholand, John Manley, Oak Hill Patrolman Chris Gruber, Sergeant Eric Werry, and Detective Lisa Harmon.  Haskell Saunders, the victim of burglary count 1, testified that he returned to his home on October 15, 2009, to find lights on, doors unlocked, and a shotgun and his wife's purse were missing.  Monica Helms, the victim of burglary count 2, testified that after receiving a phone call from her mother telling her that her house alarm was going off, she went home to find her playstation 2 was missing.  Teresa Reynolds, Helms' aunt who lives near her also testified.  She testified that when she heard the alarm she looked out her window and observed a man and woman and white car outside of Helms' house.

{¶39} Kendra Bence, the victim of burglary count 3, testified that she left her house briefly on the afternoon of October 15, 2009, and returned to find her back door open.  Upon entering she discovered that two laptop computers and a pocketwatch were missing.  Phyllis Hash, Bence's neighbor, also testified.  She testified that during the afternoon in question, she saw Appellant go around back of Bence's house.  Vicki Mulholand, the victim of burglary count 4, testified that her sons were home sleeping on the afternoon in question.  She testified that when she left for work that morning her computer was at the house and when her son's awoke that afternoon, it

was missing, along with a Harley Davidson watch and ring. John Manley, the victim of the breaking and entering count, testified that when he arrived home on the afternoon in question he noticed that the door to his outbuilding was damaged. Upon entering the building he found that his air compressor and two boxes of tools were missing.

{¶40} Oak Hill Patrolman Chris Gruber also testified at trial. He testified that he was contacted by dispatch and was provided with a license plate number to a white vehicle, the owner of which was Jessica Duncan, that had been seen in the area of a burglary on October 15, 2009. After passing the vehicle in Oak Hill that evening, he testified that he attempted to initiate a traffic stop, which turned into a high speed chase spanning twelve to fourteen miles. Patrolman Gruber testified that when he was eventually able to stop Appellant, upon approaching the vehicle he observed a shotgun in the backseat.

{¶41} Sergeant Eric Werry also testified at trial. He testified that after the stop, he obtained Jessica Duncan's permission to search the vehicle. Further, Detective Lisa Harmon testified at trial. She testified that she was called in after the stop to help inventory the contents of the vehicle. The record further reflects that the stolen items mentioned above, belonging to

the various victims, were located in Duncan's vehicle, which Appellant was driving.

{¶42} In light of this evidence, we cannot conclude that the jury lost its way and created a manifest miscarriage of justice by finding Appellant guilty of four counts of burglary and one count of breaking and entering. Further, we conclude that there was substantial evidence upon which the jury could have reasonably concluded that all the essential elements of the crimes charged had been proven beyond a reasonable doubt. As such, we overrule Appellant's fifth assignment of error.

## ASSIGNMENT OF ERROR VI

{¶43} In his sixth assignment of error, Appellant contends that the State failed to produce sufficient evidence to sustain convictions of burglary and breaking and entering. When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether that evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The test is one of legal adequacy, not rational persuasiveness. The relevant question is, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime

proven beyond a reasonable doubt. Id., citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781.

{¶44} This test raises a question of law and does not allow us to weigh the evidence. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Rather, the test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson* at 319. The issues of the weight given to the evidence and the credibility of witnesses are for the trier of fact. *State v. Thomas* (1982), 70 Ohio St.2d 79, 79-80, 434 N.E.2d 1356; *State v. DeHass* at paragraph one of the syllabus.

{¶45} We reject Appellant's sufficiency argument for many of the same reasons that we rejected his argument that his conviction was against the manifest weight of the evidence. Here, as detailed above, the State presented sufficient direct and circumstantial evidence that if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt as to all four burglary counts as well as the breaking and entering count. As such, the trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Accordingly, Appellant's sixth assignment of error is overruled.

ASSIGNMENT OF ERROR VII

{¶46} In his seventh assignment of error, Appellant contends that the cumulative error in the trial deprived him of a fair trial.  Under the cumulative-error doctrine, "a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal." *State v. Garner*, 74 Ohio St.3d 49, 64, 656 N.E.2d 623, 1995-Ohio-168; *State v. DeMarco* (1987), 31 Ohio St.3d 191, 509 N.E.2d 1256, at paragraph two of the syllabus.

{¶47} If "a reviewing court finds no prior instances of error, then the [cumulative-error] doctrine has no application." *State v. McKnight*, Vinton App. No. 07CA665, 2008-Ohio-2435, at ¶ 108; *State v. Hairston*, Scioto App. No. 06CA3089, 2007-Ohio-3707, at ¶ 41. We have already found no error related to the sufficiency of the evidence, the weight of the evidence, the effectiveness of Appellant's trial counsel, the admission of evidence or the provision of jury instructions. As such, Appellant has not demonstrated that any errors occurred, let alone multiple errors. Therefore, Appellant's seventh assignment of error is without merit.

{¶48} Having overruled all of Appellant's assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, J.: Concurs in Judgment and Opinion.
Harsha, P.J.: Concurs in Judgment and Opinion as to Assignments of Error II, III, IV, V, VI, & VII and Concurs in Judgment Only as to Assignment of Error I.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**