DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant, Donald C. Galloway, appeals his convictions and sentence in the Summit County Court of Common Pleas. This Court affirms.
 I.
On June 9, 1998, police were dispatched to Galloway's home in response to a domestic violence call. The incident involved Galloway and his sixteen-year-old son. Galloway was arrested and charged with domestic violence.
On June 11, 1998, a temporary protection order ("TPO") was issued, prohibiting Galloway from entering or being found upon his residential premises, and from having any contact or communication, either directly or indirectly, with his son.
On June 17, 1998, Galloway's wife, Cynthia, requested that the TPO be terminated. The trial court terminated the order, and Galloway was notified of the termination. However, on the morning of June 24, 1998, Cynthia, accompanied by her neighbor Deana Rine, went back to the trial court to request that the TPO be reinstated. The trial court issued an exparte TPO. A copy of the TPO was faxed to the appropriate police department.
Later that morning, Cynthia telephoned Galloway at work and informed him that the TPO was again effective. Nevertheless, Galloway went home that evening. Shortly after Galloway had arrived home, Deana Rine heard Cynthia screaming and telephoned police. Officers were informed that Galloway was violating a TPO and were dispatched to the Galloway residence.
When officers arrived at the home, Cynthia met them in the driveway. She told them that Galloway was in the house showering, but that he would be leaving shortly. She asked the officers to leave. The officers informed Cynthia that they could not leave without talking to Galloway, and that Galloway was not permitted in the house and had to leave. They asked Cynthia to go into the house and to advise Galloway to come outside and speak with them.
Cynthia went into the house and informed Galloway of their request. Galloway yelled, "You get rid of the damn protection order." Cynthia went back outside. While she was speaking with the officers, Galloway appeared in the doorway. One of the officers informed Galloway that there was a TPO and that he was not permitted in the home. Galloway replied, "Die you fucking pigs, get off my property." He further invited them to "eat shit and die."
The officers called and requested back up. Detective Michael Korach arrived on the scene. He and the other officers approached the door where Galloway was standing, and Galloway slammed the door shut. Detective Korach kicked the door open and entered the home. The other officers followed. Detective Korach informed Galloway that he was under arrest for violating the TPO. A violent struggle ensued between Galloway and the three officers, which resulted in injuries to each person.
Galloway was arrested, charged, and indicted on three counts of assault, in violation of R.C. 2903.13(A); one count of violating a protection order, in violation of R.C. 2919.27; one count of resisting arrest, in violation of R.C. 2921.33(A); and three counts of criminal damaging or endangering, in violation of R.C. 2909.06(A)(1). He pleaded not guilty to the charges. Galloway filed a motion to dismiss the charges, or in the alternative, to suppress the evidence. The court denied his request.
The matter was tried to a jury. The court dismissed the criminal damaging or endangering counts. The jury found Galloway guilty of resisting arrest, violating a protection order, and on each count of assault. He was sentenced accordingly, and filed a timely notice of appeal.
This Court issued an order requiring Galloway to demonstrate why the appeal should not be dismissed for lack of a final appealable order. On January 9, 2001, Galloway supplemented the record with the trial court's final appealable order in the matter. Therefore, we now review Galloway's five assignments of error.
 II. ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED BY FAILING TO DISMISS ALL CHARGES AGAINST DEFENDANT-APPELLANT OR IN THE ALTERNATIVE TO SUPPRESS HIS UNLAWFUL ARREST.
Galloway avers that the trial court erred in overruling his motion to dismiss or suppress the evidence. He argues that Detective Korach's action of kicking open the door to his home violated his Fourth Amendment right to be protected against unreasonable searches and seizures. Galloway asserts that because all of the charges for which he was indicted and convicted occurred after Detective Korach illegally entered his home, the trial court erred in failing to dismiss all charges against him, or in not suppressing his unlawful arrest. This Court disagrees.
First, this Court notes that the charge of violating the TPO arose prior to the officers' entry. Second, because Galloway has failed to provide this Court with a transcript of proceedings from the suppression hearing, this Court must presume regularity in the proceedings below.[1]
See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Therefore, in reviewing the trial court's denial of his motion, this Court accepts the trial court's factual findings and reviews the decision solely based upon the legal analysis applied to those facts.
The trial court found that the TPO had been reactivated and journalized on June 24, 1998, at 9:59 a.m. A copy had been faxed to the Franklin Township Police Department by 10:50 a.m. The parties stipulated at the suppression hearing that Cynthia had called Galloway and informed him that the TPO had been reactivated. Galloway testified that although Cynthia had notified him, he did not believe her. The trial court further found that during the evening of June 24, 1998, the Franklin Township Police Department received a call advising the Department that Galloway was present at the residence, violating the TPO. After confirming that the TPO was valid, officers were dispatched to the scene. Galloway became hostile and police entered his home. A struggle ensued, and Galloway suffered fractures to his collarbone and ribs. He was subsequently arrested and charged with assaulting a peace officer, violating a TPO, and criminal damaging or endangering.
Galloway argues that police lacked a warrant or probable cause to arrest him. Galloway states that Detective Korach entered his home soon after he had arrived on the scene, and that in balancing Galloway's individual right against the public's interest in law enforcement, this Court must determine that the intrusion was unreasonable and unconstitutional.
The trial court found that the evidence adduced at the suppression hearing "demonstrate[d] that the facts and circumstances within the officers' knowledge warranted their belief that [Galloway] was in violation of a [TPO]." On that basis the trial court found that the officers had probable cause to arrest Galloway. This Court agrees. "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent man to believe that an offense has been committed." State v. Price (1992),80 Ohio App.3d 108, 111, citing Beck v. Ohio (1964), 379 U.S. 89, 91.
For the foregoing reasons, we overrule Galloway's first assignment of error.
 ASSIGNMENT OF ERROR II THE TRIAL COURT COMMITTED ERROR BY FAILING TO GRANT THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL ON ALL COUNTS.
 ASSIGNMENT OF ERROR III THE JURY VERDICT FINDING THE DEFENDANT-APPELLANT GUILTY OF THREE COUNTS OF ASSAULT [R.C. 2903.13(A)], ONE COUNT OF VIOLATING A PROTECTION ORDER [R.C. 2919.27] AND ONE COUNT OF RESISTING ARREST [R.C. 2921.33(A)] WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
As Galloway's second and third assignments of error raise similar issues of law and fact, this Court addresses them concurrently.
Galloway contends that the state failed to prove beyond a reasonable doubt that he committed the offenses, and that his convictions are against the manifest weight of the evidence.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." "As an initial matter, * * * evaluations of the sufficiency of the evidence put forth by the state and the weight of the evidence adduced at trial are separate and legally distinct determinations." State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386
("`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law"). While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion.Id. at 390 (Cook, J. concurring). In determining whether the state has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the state. Gulley, supra. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id.
Regarding his convictions for assault, Galloway argues that the state failed to establish that he had intended to cause physical harm. In support, he states that only he and the officers witnessed the incident, and that his response to police entering his home "is consistent with what would be expected by an individual who is unlawfully arrested and whose home is unlawfully entered."
A review of the record supports Galloway's three convictions for assault. Officer Michael Hitchings testified that Galloway attacked Detective Korach, and attempted to strangle Detective Korach with his tie, and that Galloway sprayed pepper spray in both Officer Hitchings and Detective Korach's faces. Officer Jeffrey Donley testified that Galloway tried to choke Detective Korach with his tie, and that Galloway sprayed all of the officers with pepper spray. Galloway argues that the officers sprayed each other in the struggle and that his hand may have brushed against Detective Korach's tie, but that he never attacked the Detective.
This Court will not disturb the judgment below with respect to Galloway's assault convictions. The jury was free to believe the testimony of the officers. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus; State v. Jackson (1993), 86 Ohio App.3d 29,33. Indeed, this is not a case where the evidence weighs heavily in the defendant's favor.
Next, Galloway argues that his resisting arrest conviction should be reversed because the arrest was not lawful, and therefore he had a right to resist. Because this Court determined that the arrest was lawful in Galloway's first assignment of error, we summarily reject this claim.
Finally, Galloway avers that his conviction for violating a TPO must be reversed. He reasons that the state failed to prove that a valid TPO existed. Specifically, he argues that because the trial court failed to follow the notice procedures under R.C. 2919.26 in issuing the June 24, 1998 protection order, the order was invalid. Galloway believes that because the initial TPO had been terminated, the trial court was required under the statute to: 1) receive a new motion for a TPO from Cynthia; 2) schedule a hearing; 3) compel Galloway's presence; and to 4) deliver a copy of any TPO issued to Galloway the same day the TPO was entered.
R.C. 2919.26 permits a trial court to issue an ex parte TPO without the alleged offender being present. The statute requires, however, that within twenty-four hours of issuing the ex parte TPO, the court hold a hearing in the presence of the alleged offender to determine whether the order should be continued.
The record shows that the trial court issued a TPO on June 24, 1998, that the TPO was filed-stamped at 9:59 a.m., and that Galloway was arrested for violating the TPO at approximately 7:30 p.m. that same day. Therefore, because Galloway's arrest for violating the TPO occurred within the twenty-four hour period following the TPO's issuance, the TPO was still valid. Accordingly, his argument is rejected.
For the foregoing reasons, Galloway's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV THE TRIAL COURT ERRED BY DENYING THE DEFENDANT-APPELLANT'S MOTION IN LIMINE TO PROHIBIT THE ADMISSION INTO EVIDENCE [OF] PRIOR CRIMES OR ACTS IN VIOLATION OF EVIDENCE RULES 403 AND 404.
In his fourth assignment of error, Galloway avers that the trial court committed reversible error in permitting the state to introduce evidence of a prior domestic violence charge and a temporary protection order ("TPO"). The domestic violence charge and the TPO had been brought against Galloway for acts he had committed against his son. That TPO was the order police charged Galloway for violating on June 24, 1998. Galloway contends that the admission of these prior bad acts was violative of Evid.R. 403 and 404(B). This Court disagrees.
"`The trial court has broad discretion in the admission * * * ofevidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere.'" (First alteration original.) State v.Maurer (1984), 15 Ohio St.3d 239, 265, quoting State v. Hymore (1967),9 Ohio St.2d 122, 128. In a criminal case, prejudicial error exists if there is a reasonable possibility that improperly admitted evidence contributed to the conviction. State v. Thompson (1981), 66 Ohio St.2d 496. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Galloway contends that because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, misleading the jury, or confusion of the issues, admission of such evidence violated Evid.R. 403. Galloway further asserts that the evidence was admitted to prove that he acted in conformity with those specific character traits or wrongs on the night of the altercation, and therefore violated Evid.R. 404(B). The state argues that the evidence was admissible under Evid.R. 404(B) to show motive, scheme, identity, and plan, and because it was relevant to the charge of violating the TPO.
Evid.R. 403(A) precludes the admission of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Under Evid.R. 403(B), a trial court may exclude relevant evidence if "its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."
Evid.R. 404(B) prohibits the introduction of relevant evidence if offered to prove "that the defendant is crime prone, or * * * that he has committed an offense similar to the one in question[.]" State v. Burnson
(1974), 38 Ohio St.2d 157, 158. However, the rule permits the admission of other acts if the other acts tend to show by substantial proof any of those things enumerated, such as proof of motive, opportunity, preparation, intent, plan, knowledge, identity or absence of mistake or accident. See Evid.R. 404(B); State v. Broom (1988), 40 Ohio St.3d 277, paragraph one of the syllabus.
A review of the record reveals that the trial court did not abuse its discretion in admitting the evidence of the prior domestic violence charge and TPO. Such evidence was not only admissible to prove absence of mistake or accident, motive, knowledge, and proof of motive, but was necessary for the state to prove Galloway had violated that TPO. Furthermore, the probative value of the evidence was not substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence. See Evid.R. 403(B).
Accordingly, Galloway's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING MAXIMUM SENTENCES WITHOUT CONSIDERATION OF THE STATUTORY CRITERIA SET FORTH IN [R.C.] 2929.12 AND IN VIOLATION OF APPELLANT'S. [sic]
In his fifth assignment of error, Galloway contends that the trial court abused its discretion in sentencing him to the maximum sentence. In support, Galloway charges that "there is no indication that the trial court weighed the various aggravating and mitigating circumstances." He asserts that the trial court failed to consider any of the mitigating circumstances found in R.C. 2929.12(C), and that given the facts of his case, it was an abuse of discretion to sentence him to the maximum prison term. This Court disagrees.
The trial court's sentencing entry states that the court considered the "seriousness and recidivism factors under [R.C.] 2929.12." As Galloway has failed to provide this Court with a transcript of the sentencing hearing, this Court must presume regularity in the trial court's sentencing process and overrule his fifth assignment of error. See Statev. Reid (Dec. 6, 2000), Summit App. No. 20075, unreported.
 III.
The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J., CONCUR.
[1] This Court notes that in his brief Galloway cites to the trial transcript. However, such evidence is not relevant, as it was not before the trial court when it ruled upon Galloway's motion.