[Cite as *State v. Robertson*, 2022-Ohio-905.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2021 CA 0048 |
| TYLOR ROBERTSON | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County Court of Common Pleas, Case No 2020-CR-820

JUDGMENT:      Vacated and Remanded

DATE OF JUDGMENT ENTRY:      March 21, 2022

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

GARY BISHOP                            DARIN AVERY
PROSECUTING ATTORNEY        105 Sturges Avenue
BY: VICTORIA MUNSON            Mansfield, OH 44903
Assistant Prosecutor
38 South Park Street
Mansfield, OH 44902

*Gwin, P.J.*

{¶1}    Defendant-appellant Tylor Tremain Robertson ["Robertson"] appeals his conviction and sentence after a jury trial in the Richland County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    On December 16, 2020, Robertson was indicted by the Richland County Grand Jury on one count of Grand Theft of a Motor Vehicle, a fourth-degree felony violation of R.C. 2913.02, and one count of Receiving Stolen Property, a fourth-degree felony violation of R.C. 2913.51.  At his jury trial, the following evidence was presented.

{¶3}    On October 21, 2020, Officer John Meyer of the Mansfield Police Department was dispatched to the Kings Mini Mart in response to a report of a stolen vehicle.  2T. at 159.[1] Officer Meyer originally believed that Ms. Taylor had been driving the vehicle.  2T. at 173.  Officer Meyer testified that Ms. Taylor was not at Kings Mini Mart when he first arrived.  2T. at 161.  The vehicle was eventually recovered at a Marathon gas station located at 495 Woodville, Mansfield, Ohio.  Id. at 161.  Officer Meyer arrested Robertson at the scene.  Id. at 163.  As Officer Meyer was readying Robertson for transport from the scene, Robertson asked Officer Meyer to retrieve his two backpacks from the vehicle.  2T. at 169.

{¶4}    Later, Officer Meyer returned to the Kings Mini Mart to obtain video surveillance footage.  2T. at 164-165; State's Exhibit 1.  Officer Meyer observed video of Robertson entering the store wearing a hooded sweatshirt carrying two backpacks.  Id at 165.  Two hours later, surveillance video shows Robertson came back to the store.  Id.

---

[1] For clarity, the jury trial transcript will be referred to as, "__T.__," signifying the volume and the page number.

Robertson is seen getting off his bicycle and getting into a vehicle that had been left running unattended outside the store. Id. at 165-166. The vehicle is seen exiting the business's parking lot. Officer Meyer testified he observed in the video that Mr. Taylor, not Ms. Taylor, had been driving the vehicle and had left it unattended. 2T. at 173-175. Both Mr. and Mrs. Taylor refused to give a statement to the police and were uncooperative when Officer Meyer later attempted to speak with them at their home. 2T. at 174; 176.

{¶5} Officer Meyer was the only witness to testify during Robertson's jury trial. Officer Meyer testified that he filed the charges in this case because he believed that a crime occurred; and, the fact that the owner or owners of the vehicle "didn't want to pursue or weren't cooperative" did not change his mind concerning the filing of charges. 2T. at 178.

{¶6} At the conclusion of Officer Meyer's testimony, the state asked the trial judge for a material witness warrant. 2T. at 179-180. The trial judge noted that the state "indicated all along that these people were not cooperative." 2T. at 180. The judge further noted that the state knew the witnesses were uncooperative and "[y]esterday we knew they probably were not coming. You should have had them [i.e., the material witness warrants] yesterday. You should have had them prepared on time. It's not a surprise, so I'm not going to give you a continuance..." 2T. at 180-181.

{¶7} Following the trial on June 2 and June 3, 2021, the jury found Robertson guilty of count one; the jury was unable to reach a verdict on count two. On June 23, 2012, the trial judge sentenced Robertson to a maximum sentence of eighteen months in prison.

*Assignments of Error*

{¶8}   Robertson raises five Assignments of Error,

{¶9}   "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S RULE 29 MOTION TO DISMISS.

{¶10}  "II. THE TRIAL COURT ERRED IN ALLOWING THE JURY TO HEAR EXPLICIT HEARSAY THAT ALONE ESTABLISHED AN ELEMENT OF THE OFFENSE.

{¶11}  "III. APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶12}  "IV. THE COURT ERRED IN DECLINING TO GIVE THE JURY AN INSTRUCTION ON UNAUTHORIZED USE OF A VEHICLE.

{¶13}  "V. THE COURT ERRED IN GIVING ROBERTSON A MAXIMUM SENTENCE."

I.

{¶14}  In his First Assignment of Error Robertson alleges that the trial court erred in not granting his Crim. R. 29 motion for acquittal at the conclusion of the state's case. Specifically, Robertson contends that the state relied upon inadmissible hearsay to establish the element of lack of consent, a necessary element for theft of a motor vehicle. [Appellant's brief at 8-9].

**Standard of Appellate Review - Sufficiency of the Evidence**.

{¶15}   In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. *See, e.g., State v. Carter*, 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 974(1995); *State v. Jenks*, 61 Ohio St.3d 259 at 273, 574 N.E.2d 492(1991) at 503, *superseded by State*

*constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89,*

*102 at n.4, 684 N.E.2d 668 (1997*).

{¶16} The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 577 U.S. 92,136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶17} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997*; *Walker*, at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney*, 153 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'"

*State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus; *Walker* at ¶31.  We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'"  *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**Issue for Appellate Review:**  *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Robertson was guilty beyond a reasonable doubt of grand theft as set forth in the Indictment.*

{¶18}  Robertson was convicted of grand theft.  R.C. 2913.02 provides,

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

* * *

(5) If the property stolen is a motor vehicle, a violation of this section is grand theft of a motor vehicle, a felony of the fourth degree.

{¶19}  R.C. 2913.01 provides in relevant part,

As used in this chapter, unless the context requires that a term be given a different meaning:

* * *

(D) "Owner" means, unless the context requires a different meaning, any person, other than the actor, who is the owner of, who has possession or control of, or who has any license or interest in property or services, even though the ownership, possession, control, license, or interest is unlawful.

**{¶20}** Robertson contends that the evidence is insufficient to prove beyond a reasonable doubt that he did not have consent to take the vehicle and that he intended to deprive the owner of the vehicle. [Appellant's brief at 8-9]. He argues that the only evidence to establish the element of lack of consent was inadmissible hearsay.

### Standard of Appellate Review – Admissibility of Evidence

**{¶21}** "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). "However, we review de novo evidentiary rulings that implicate the Confrontation Clause. *United States v. Henderson*, 626 F.3d 326, 333 (6th Cir. 2010)." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶97. De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27, *citing Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147 (1992).

**{¶22}** We note that any error will be deemed harmless if it did not affect the accused's "substantial rights." Before constitutional error can be considered harmless, we must be able to "declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. State of Cal.*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

{¶23} "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801. Hearsay is generally not admissible unless it falls within one of the recognized exceptions. Evid.R. 802; *State v. Steffen*, 31 Ohio St.3d 111, 119, 509 N.E.2d 383(1987).

{¶24} "The hearsay rule...is premised on the theory that out-of-court statements are subject to particular hazards. The declarant might be lying; he might have misperceived the events which he relates; he might have faulty memory; his words might be misunderstood or taken out of context by the listener. And the ways in which these dangers are minimized for in-court statements-the oath, the witness' awareness of the gravity of the proceedings, the jury's ability to observe the witness' demeanor, and, most importantly, the right of the opponent to cross-examine-are generally absent for things said out of court." *Williamson v. United States*, 512 U.S. 594, 598,114 S.Ct. 2431, 2434(1994).

{¶25} Robertson first points to Officer Meyer's testimony that Ms. Taylor reported that her vehicle had been stolen. 2T. at 175.

{¶26} Generally, a law enforcement officer is permitted to testify as to the underlying reasons for his conduct, even if that testimony includes statements made by a third party. *State v. Thomas*, 61 Ohio St.2d 223, 232, 400 N.E.2d 401(1980). "[I]t is well-settled that statements offered by police officers to explain their conduct while investigating a crime are not hearsay because they are not offered for their truth, but rather, are offered as an explanation of the process of investigation." *State v. Spires*, 4th Dist. Gallia No. 10CA10, 2011-Ohio-3661, 2011 WL 3107736, ¶ 13*; quoting State v.*

*Warren*, 8th Dist. Cuyahoga No. 83823, 2004-Ohio-5599, 2004 WL 2365906 at ¶ 46; *citing State v. Price*, 80 Ohio App.3d 108, 110, 608 N.E.2d 1088 (9th Dist. 1992); *State v. Braxton*, 102 Ohio App.3d 28, 49, 656 N.E.2d 970 (8th Dist. 1995); *State v. Blevins*, 36 Ohio App.3d 147, 149, 521 N.E.2d 1105 (10th Dist. 1987).

{¶27} In the case at bar, the fact that the vehicle had been reported stolen is admissible to show Officer Meyer's course of investigation. However, it is not admissible to prove that the vehicle had in fact been stolen*. State v. Thomas*, 61 Ohio St.2d 223, 232, 400 N.E.2d 401(1980). Neither Mr. nor Mrs. Taylor testified at trial.

{¶28} Next, at trial the following exchange occurred, to which Robertson objected,

**Q**. And through the course of your investigation did you discover whether or not Mr. Robertson had consent to use the 2002 Jeep Cherokee?

**Officer Meyer**: He did not have consent, no.

2T. at 164. Additionally, the following exchange also occurred,

**Q**. Okay. And through the course of your investigation, did you find any evidence that this Defendant had consent to have this vehicle?

**Officer Meyer**: No. He did not.

2T. at 178.

{¶29} This testimony does not relate any out of court statement by witness. If offered to show that the officer found no evidence, then it would not be hearsay. However, Officer Meyer's testimony was solicited for the truth of the matter asserted, i.e. that neither Mr. nor Mrs. Taylor gave Robertson permission to use the vehicle. This is made clear by the state's reference in closing argument,

Well, what you did not hear was that this Defendant had any type of permission or consent or authority to take this car. You didn't hear anything about that. There, [sic.] because there was none. There was no evidence to show that he was ever given any type of permission or consent to take the car.

2T. at 205.

{¶30} The fact that Officer Meyer did not uncover any evidence that Robertson had consent to use the car is a different matter than affirmatively proving beyond a reasonable doubt that Robertson did not have permission. Neither Mrs. Taylor nor Mr. Taylor testified during the jury trial that Robertson did not have permission.

{¶31} It is not surprising that Officer Meyer did not discover any evidence Robertson had consent to the use of the vehicle. Both Mrs. and Mr. Taylor refused to give a statement to the police, both at the scene, and later, when Officer Meyer drove to the couple's home. 2T. at 173; 176. The couple refused to file a complaint, to appear at trial, and testify under oath subject to cross-examination. 2T. at 174; 179-181. In addition, Officer Meyer's testimony reveals that Mrs. Taylor told Officer Meyer that she had been driving the vehicle. 2T. at 175. The video surveillance footage clearly shows that was not true. Id. at 173-174. Officer Meyer only discovered this untruth as a result of viewing the video footage. Id. Mr. Taylor, who had been driving the vehicle, did not report the vehicle stolen and did not make any statement concerning the vehicle to the police. It is clear from the record that Mr. Taylor not Mrs. Taylor got out of the vehicle. 2T. at 173.

{¶32} The state contends that the evidence is admissible for the truth of the matter asserted as an exception to the hearsay rule. [Appellee's brief at 3-4].

{¶33} Evid.R R 803 Hearsay exceptions; availability of declarant immaterial provides,

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

**(1) Present sense impression.** A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness.

**(2) Excited utterance.** A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

**(3) Then existing, mental, emotional, or physical condition.** A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

{¶34} In the case at bar, we note that Mrs. Taylor was not truthful when speaking with Officer Meyer. She told the officer that she had been driving the car. It was only when the officer viewed the video evidence that he realized Mrs. Taylor had not been truthful. 2T. at 173-175. Mrs. Taylor refused to give a statement to Officer Meyer both at the scene and later from her home. Mrs. Taylor did not testify at trial.

{¶35}   Thus, the statements are not admissible as a present sense impression because circumstances indicate a lack of trustworthiness.

{¶36}   A four-part test is applied to determine the admissibility of statements as an excited utterance:

(a) That there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement of declaration spontaneous and unreflective,

(b) That the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs,

(c) That the statement or declaration related to such startling occurrence or the circumstances of such starling occurrence, and

(d) That the declarant had an opportunity to observe personally the matters asserted in his statement or declaration.

*State v. Jones,* 135 Ohio St.3d 10, 2012-Ohio-5677, 984 N.E.2d 948, ¶166 (citations omitted).  The statement need not be made during the course of the startling event.  Rather, it is only necessary that the declarant still appeared nervous or distraught and that there was a reasonable basis for continuing to be emotionally upset.  In addition, we

note that there is no specific amount of time after which a statement can no longer be considered as an excited utterance and not the result of reflective thought. *State v. Taylor,* 66 Ohio St.3d 295, 612 N.E.2d 316 (1993).

{¶37} In the case at bar, Mrs. Taylor was not at the Kings Mini Mart when Officer Meyer arrived. 2T. at 161. The state points to no evidence in the record or transcript to establish that Mrs. Taylor was emotionally upset, nervous, or distraught when she related any of the statements to Officer Meyer. [Appellee's brief at 3-4].

{¶38} Evid.R. 803(3) creates a hearsay-rule exception for "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will." The testimony sought to be introduced must point towards the future rather than the past. *State v. Apanovitch,* 33 Ohio St.3d 19, 22, 514 N.E.2d 394(1987).

{¶39} The state points to no evidence in the record that any of the statements related by Mrs. Taylor concern her existing state of mind, emotion, sensation, or physical condition. [Appellee's brief at 3-4]. Rather the statements relate to a past occurrence of an extraneous event, i.e. her car. There is no evidence in the record or in the transcript concerning Mrs. Taylor's mental or emotional state at the time she related the statements to Officer Meyer.

{¶40} Although the video footage shows Robertson entering the running vehicle and driving it from the location, neither Mr. nor Mrs. Taylor was willing to testify under oath that he or she did not give permission to Robertson to drive the vehicle.

{¶41} "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed. 2d 368 (1970). There is no requirement that a defendant in a criminal trial present any evidence. The duty of proof rests entirely with the State of Ohio. The defendant must be acquitted unless the state produces evidence that convinces the trier of fact beyond a reasonable doubt of every essential element of the crime charged in the indictment. One of the essential elements in the case at bar is the lack of consent.

{¶42} Construing the evidence most strongly in favor of the prosecution, as we are required in considering a sufficiency challenge, we conclude the state failed to present sufficient evidence to support a finding beyond a reasonable doubt that Robertson's use of the vehicle was without the consent of Mr. or Mrs. Taylor.

{¶43} Robertson's First Assignment of Error is sustained.

II, III, IV, & V.

{¶44} In light of our disposition of Robertson's First Assignment of Error, we find Robertson's Second, Third, Fourth and Fifth Assignments of Error to be moot.

{¶45} Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, give an appellate court the power to affirm, reverse, or modify the judgment of an inferior court. Accordingly, Robertson's conviction and sentence on Counts One of the Indictment, Grand Theft, is vacated.

{¶46} The judgment of the Richland County Court of Common Pleas is vacated and this case is remanded for proceedings in accordance with our opinion and the law.


By Gwin, P.J.,

Wise, John, J. and

Wise, Earle, J., concur